**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:28 PM January 4, 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| KIMBERLY COX, | ) | CASE NO. 11-62905 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6017 |
| | ) | |
| RONALD L. COX, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF OPINION (NOT** |
| v. | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |
| KIMBERLY COX, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

    This adversary proceeding arises in the chapter 7 bankruptcy proceeding of Kimberly Cox. Ronald L. Cox filed his complaint on February 6, 2010 seeking a denial of discharge pursuant to 11 U.S.C. § 727(a)(2), (3), and (4). The matter came before the court for trial on October 23, 2012.

    The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J). In accordance with Fed. R. Bankr. P. 7052, the court's findings of facts and conclusions of law are

1

set forth in this memorandum.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## **FINDINGS OF FACT**

Based on the record as constructed at trial, the court finds the following facts to be established:

Ronald L. Cox ("Plaintiff") is the former spouse of Kimberly Cox ("Defendant" or "Debtor"). Plaintiff and Defendant were granted a divorce by the Stark County Court of Common Pleas on November 3, 2010.

During their marriage, Plaintiff and Defendant purchased several rental properties.[1] Parties created an entity, titled Cox Kids Properties, LLC, to manage the rental properties. At all times during the marriage, both parties participated in the management of the rental parties. The terms of the divorce decree provided that the parties, while attempting to sell the rental properties, would use the rental receipts as a mechanism to pay the expenses, including the mortgages, for the rental properties. It further provided that the parties would deposit all rental income into an account at Chase Bank, known as the Cox Kids account.

Following the divorce, Debtor solely managed the rental properties. From approximately April 1, 2011 until she filed for relief under chapter 7 of the Bankruptcy Code on September 9, 2011, Debtor failed to make all the required mortgage payments on the rental properties. There is no dispute that Debtor continued to receive rental income during this time period from at least some of the tenants. Debtor testified that she deposited some of the rental income into her personal account, rather than the Cox Kids account, and at times paid personal bills with the rental income. Debtor also testified that she used personal income to pay expenses for the rental properties and transferred her personal income into the Cox Kids account to pay expenses. Finally, Debtor testified that she used the rental income for anything associated with the properties, including the mortgages, taxes, repairs, and utilities. The Court found Debtor to be credible on these issues.

Plaintiff testified that he regained control of the rental properties in October 2011 and that, at that time, all of the properties were in the first stages of foreclosure, had not been maintained properly, and complaints of tenants had been ignored. Plaintiff testified that the rental properties were profitable, stating that the income received from the properties exceeded the mortgage payments. Plaintiff's testimony on these issues was not credible. It is clear to the Court that the

---

[1] The rental properties include: 147 East Mill Street, Alliance, Ohio; 2300 South Arch Avenue, Alliance, Ohio; 2220 Miller Avenue, Alliance, Ohio; 2227 Heestand Avenue, Alliance, Ohio; 2425 Clark Avenue, Alliance, Ohio; and 2208 Ridgewood Avenue, Alliance, Ohio. The rental properties also included 1625 South Rockhill Avenue, Alliance, Ohio and 203 East Mill, Alliance, Ohio, which, as discussed below, were transferred to Debtor as part of the divorce decree.

2

mortgages on the rental properties alone, notwithstanding other expenses, exceeded the rental income.[2] Plaintiff asserts that Debtor failed to report the rental income in her bankruptcy schedules or on her statement of financial affairs and failed to keep records of disposition of funds. Plaintiff alleges that such failure is grounds for denial of discharge pursuant to 11 U.S.C. § 727(a)(3).

As part of the divorce decree, Debtor was granted one of the rental properties, 1625 South Rockhill Avenue in Alliance, Ohio.[3] On August 25, 2011, Debtor sold this property to Daniel and Kimikko Bibb, her brother and his wife, for $70,000.00, just weeks before she filed for bankruptcy on September 9, 2011. According to the settlement statement, at the time of the sale, the balance due on the mortgage for this property was $56,880.54. From the proceeds of the sale, in addition to the mortgage balance, Debtor paid $10,576.75 in settlement charges, including $7,000.00 in commission, $600.00 in attorney fees to Joyce Lamb, and $2,000.00 in attorney fees to Cheryl Rasile. According to the settlement statement, Debtor received cash in the amount of $655.35 from the sale of the property. Debtor testified that she paid the $2,000.00 to Cheryl Rasile,[4] her bankruptcy attorney, for fees associated with the bankruptcy case.

Debtor listed the sale of this property on Schedule A, but failed to list the transfer on her statement of financial affairs and failed to list the proceeds received from the sale on her schedules and statement of financial affairs. Further, Debtor's schedules indicate that she paid her bankruptcy attorney just $1,400.00 for representation in the bankruptcy case, not $2,000.00. Plaintiff alleges that Debtor's failure to report income she received as a result of the sale, the failure to report the transfer on her statement of financial affairs, and the incorrect amount of attorney fees reported on her schedules constitute grounds for denial of discharge pursuant to 11 U.S.C. § 727(a)(2).

Also as part of the divorce decree, Debtor was entitled to receive the amount of $29,077.87 from Plaintiff's retirement plan with the Ohio Public Employees Deferred Compensation Program. On March 29, 2011, Debtor caused those funds to be split into a separate account in her name. On August 19, 2011, just weeks before she filed for bankruptcy on September 9, 2011, Debtor received a distribution in the amount of $7,904.30 from the retirement plan. Debtor testified that she used these funds to pay for legal representation and other personal obligations. The Court found Debtor's testimony regarding her use of the retirement monies to be credible.

Debtor failed to list either the retirement account or the disbursement on her schedules and her statement of financial affairs. Plaintiff alleges that Debtor's failure to disclose these funds constitutes grounds for denial of discharge pursuant to 11 U.S.C. § 727(a)(3), which is a failure to keep records. However, the Court believes that Plaintiff actually alleges grounds for denial of

---

[2] While the Court understands Plaintiff's statements that the rental income from some of the higher rent properties compensates for the lower rent properties, when looking at the actual numbers, it is not credible that any person could believe these rental properties were profitable.

[3] Debtor was also granted 203 East Mill, Alliance, Ohio as part of the divorce decree.

[4] It is notable that Cheryl Rasile, in addition to serving as Debtor's bankruptcy attorney, also served as receiver for the rental properties during the parties' divorce from May 2010 through October 2010.

3

discharge pursuant to 11 U.S.C. § 727(a)(2), which is a concealment of property. Plaintiff's complaint, as well as the arguments and testimony at trial, support a concealment of property allegation, not a failure to keep records allegation. Thus, the Court will review and discuss this allegation under § 727(a)(2).

Debtor was also involved in the operation of a beauty salon, Hair Unlimited, which is owned by her mother, Deborah Bibb. Also on the premises of the hair salon and owned by Deborah Bibb is a rental apartment which is occupied by tenant, Jeffrey Meiring. During August and September 2011, Debtor received rental payments from Jeffrey Meiring and rental payments from cosmetologists of Hair Unlimited based upon the direction of Deborah Bibb. Debtor testified that she deposited the Hair Unlimited income into her personal account, rather into Hair Unlimited's account, and at times paid personal bills with the rental income. Debtor also testified that she used personal income to pay Hair Unlimited expenses. The Court found Debtor's testimony regarding her receipt of Hair Unlimited's income and her payment of Hair Unlimited's expenses to be credible.

Debtor did not report the income of Hair Unlimited on her schedules or her statement of financial affairs. Plaintiff alleges that the failure to report this income constitutes grounds for denial of discharge pursuant to 11 U.S.C. § 727(a)(4).[5]

## CONCLUSIONS OF LAW

I. <u>Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2)</u>

11 U.S.C. § 727(a)(2) provides that:

[T]he debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
    (A) property of the debtor, within one year before the date of the filing of the petition; or
    (B) property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a)(2).

Plaintiff makes two allegations under § 727(a)(2) which he argues constitute concealments of property. First, Debtor failed to disclose the receipt of $7,904.30 from the retirement distribution which occurred within a few weeks of the petition date. Second, despite the notation of the sale on Schedule A, Debtor failed to disclose the transfer of 1625 South Rockhill on her statement of financial affairs and failed to disclose the receipt of proceeds from the transfer.

---

[5] Plaintiff's complaint references only § 727(a)(4), but alleges that Defendant made a materially false oath. Thus, the Court assumes that Plaintiff's complaint seeks a denial of discharge pursuant to § 727(a)(4)(A).

Denials of discharge pursuant to § 727(a)(2) are examined slightly differently depending upon whether the concealment occurs within one year before the petition date or after the petition date. *See* United States Trustee v. Wengerd (In re Wengerd), Case No. 09-62720, Adv. No. 09-6139 (Bankr. N.D. Ohio, Dec. 6, 2010) (unpublished). Omitting information from bankruptcy schedules constitutes a concealment both before and after the filing of the bankruptcy petition. Hunter v. Sowers (In re Sowers), 229 B.R. 151, 157 (Bankr. N.D. Ohio 1998) (citing In re Hadley, 70 B.R. 51, 53 (Bankr. D. Kan. 1987)). Accordingly, the Court will treat Debtor's failure to disclose the retirement distribution and the transfer of the property on her schedules and statement of financial affairs as occurring within one year of the petition date.

Plaintiff bears the burden of proof to establish by a preponderance of the evidence that: (1) Debtor concealed property and (2) Debtor had the subjective intent to hinder, delay, or defraud through the concealment. Keeney v. Smith (In re Smith), 227 F.3d 679, 683 (6th Cir. 2000) (citing Hughes v. Lawson (In re Lawson), 122 F.3d 1237, 1240 (9th Cir. 1997)); *accord* Barbacci v. Ungar (In re Ungar), Case No. 10-60671, Adv. No. 10-6094, 2011 Bankr. LEXIS 2677, 9 (Bankr. N.D. Ohio, July 12, 2011).

"In cases where there has *not* been a transfer of property, courts have defined concealment as including the withholding of knowledge or information required by law to be made known." Buckeye Retirement Co., LLC, Ltd. v. Swegan (In re Swegan), 383 B.R. 646, 654 (B.A.P. 6th Cir. 2008) (emphasis in original) (citing Peterson v. Scott (In re Scott), 172 F.3d 959, 967 (7th Cir. 1999) (defining concealment as "preventing discovery, fraudulently transferring or withholding knowledge or information required by law to be made known") (quoting United States v. Turner, 725 F.2d 1154, 1157 (8th Cir. 1984)); *accord* Montedonico v. Beckham (In re Beckham), No. 08-8054, 2009 Bankr. LEXIS 1345, 18 (B.A.P. 6th Cir. June 19, 2009).

In the instant matter, Debtor received a distribution of $7,904.30 from Plaintiff's retirement plan pursuant to the divorce decree on August 19, 2011, just twenty-one (21) days before filing her petition on September 9, 2011. Debtor failed to list her receipt of the retirement distribution on her petition, schedules, or statement of financial affairs as required by 11 U.S.C. § 521. Clearly, under the definition above, Debtor concealed the information that she received the retirement distribution, which she was required to disclose under the Bankruptcy Code.

The remaining question is whether Debtor had the requisite intent to hinder, delay, or defraud through such concealment. "[I]ntent to defraud 'involves a material representation that you know to be false, or, what amounts to the same thing, an omission that you know will create an erroneous impression.'" Keeney, 227 F.3d at 685-86 (quoting In re Chavin, 150 F.3d 726, 728 (7th Cir. 1998)). Intent to defraud may be established if the debtor acted with reckless disregard as to whether a representation was true. Keeney, 227 F.3d at 686; *accord* Beckham, 2009 Bankr. LEXIS 1345 at 18-19. "[A] debtor is entitled to discharge if false information is the result of mistake or inadvertence." Keeney, 227 F.3d at 686 (citing Gullickson v. Brown, 108 F.3d 1290, 1294 (10th Cir. 1997)); *accord* Beckham, 2009 Bankr. LEXIS 1345 at 19.

At the trial, Debtor testified that her sole reason for the failure to disclose the receipt of the

5

retirement distribution was that she did not know that she had to do so. Debtor also testified that she disclosed the distribution to her accountant and, therefore, was not trying to hide the receipt of the distribution. She just did not realize that she needed to disclose it.

The Court does not find Debtor to be credible on this issue. Debtor received the distribution just three (3) weeks prior to filing bankruptcy, so it was certainly fresh in her mind. Debtor knew enough to disclose the distribution to her accountant. This means that Debtor understand that the receipt of the distribution had potential financial implications to her, but still failed to disclose the distribution to her bankruptcy attorney.

Debtor's failure to disclose the distribution is part of a pattern of reckless disregard. She also failed to disclose other pertinent, required financial information on her petition, schedules, and statement of financial affairs. This includes the transfer of 1625 South Rockhill Avenue, the receipt of the proceeds from that transfer, and the discrepancy regarding the amount paid to her bankruptcy attorney for bankruptcy representation. Through all of these facts and circumstances, the Court infers that Debtor acted with reckless disregard as to whether her petition, schedules, and statement of financial affairs were accurate. The schedules and statement of financial affairs were not merely poor. They were so compellingly, repeatedly wrong as to rise to the level of legally insufficient.

The Court does not find that Debtor's failure to disclose was the result of mistake or inadvertence. As discussed above, the facts and circumstances in this case indicate a pattern of reckless disregard, not merely one failure to disclose. This leads the Court to conclude that the failure to disclose the retirement distribution was not the result of mistake or inadvertence.

Accordingly, the Court finds that Debtor should be denied discharge pursuant to 11 U.S.C. § 727(a)(2). Having found that Debtor's failure to disclose the receipt of the retirement distribution constitutes grounds for denial of discharge, the Court will not discuss a denial of discharge for failure to disclose the transfer of 1625 South Rockhill Avenue.

II. Denial of Discharge Pursuant to 11 U.S.C. §§ 727(a)(3) and (4)(A)

Having found that Debtor's discharge shall be denied pursuant to 11 U.S.C. § 727(a)(2), there is no reason to explore §§ 727(a)(3) and (4)(A).

An order will be entered simultaneously with this opinion.

#     #     #

**Service List:**

Michael V. Demczyk
12370 Cleveland Ave NW

PO Box 867
Uniontown, OH 44685

Ronald L. Cox
841 Birchwood Dr
Alliance, OH 44601

Robert H Cyperski, Aty
1201 30th St NW
Ste 102-B
Canton, OH 44709

Kimberly Cox
9105 Moulin Ave NE
Alliance, OH 44601